## WATKINS v METRO BAY DEVELOPMENT, INC.
### Case No. 89-10958 F (County Court Case No. 87-17398CC)
Thirteenth Judicial Circuit, Hillsborough County

December 15, 1989

### APPEARANCES OF COUNSEL

**Julia Sullivan Waters, Esquire,** for appellant.

**Edwin J. Bradley, Esquire,** for appellee.

### OPINION OF THE COURT

J. C. CHEATWOOD, Circuit Judge.

This is an appeal from a trial in Hillsborough County court. Having reviewed the briefs, the record, and having heard argument of counsel, the Court finds in favor of Appellee Metro Bay Development, Inc. ("Metro Bay").

The land sales contract which was assigned by Donald Watkins ("Watkins"), the buyer, to Metro Bay was a bilateral executory contract. When the seller sought personal guaranties from Metro Bay or Watkins before he would close the sale with Metro Bay, this

constituted additional terms outside the original contract. Thus, pursuant to the Assignment, Metro Bay was entitled to reject the additional terms and obtain a reimbursement of the sums paid to Watkins for the assignment.

The Court has reviewed *Moring v Miller,* 330 So.2d 93 (Fla. 1st DCA 1976) as it pertains to assignments and finds the case distinguishable from the present case in that the contract in *Moring* was an executed contract. The contract that Watkins assigned to Metro Bay was an executory contract, and Watkins' liability as assignor would have been extinguished at the closing when Metro Bay acquired the property and executed a new contract in the form of a note and mortgage. The sale contract in the present case is similar to the contract described in *Sun First Nat'l Bank v Grinnell,* 416 So.2d 829 (Fla. 5th DCA 1982). As stated in *Sun First Nat'l Bank* the contract for sale of land is a contract to make a contract. If Metro Bay had closed on the transaction, the sales contract and Watkins' liability as assignor would have been extinguished.

The decision of the trial court is therefore affirmed.